IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NOVATEUR EDUCATION, INC.,
5555 Greenwich Road
Virginia Beach, Virginia  23462

and

ECPI UNIVERSITY, LLC
5555 Greenwich Road
Virginia Beach, Virginia  23462

       Plaintiffs,

v.                                                                                          Civil Action No. _____

EXECUTIVE CAREER PARTNERS, INC.
Serve:
Registered Agent:
Harvard Business Services, Inc.
16192 Costal Highway
Lewes, Delaware  19958

and

EXECUTIVE CAREER PARTNERS
INTERNATIONAL, INC.
Serve:
Registered Agent:
Harvard Business Services, Inc.
16192 Costal Highway
Lewes, Delaware  19958

       Defendants.

### COMPLAINT

Plaintiff Novateur Education, Inc. ("Novateur") and ECPI University, LLC ("ECPI University") (collectively, "Plaintiffs"), by counsel, for their complaint against Defendants

Executive Career Partners, Inc. and Executive Career Partners International, Inc. (collectively "Defendants") state as follows:

### Nature of the Action

1. This action is for trademark infringement and unfair competition arising from the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and under the common law.

### The Parties

2. Novateur is a Virginia corporation having its headquarters and principal place of business in Virginia Beach, Virginia.

3. ECPI University is a Virginia limited liability company having its headquarters and principal place of business in Virginia Beach, Virginia. ECPI University is the licensee of Novateur for the Marks (defined herein).

4. Upon information and belief, each of Defendants is a Delaware corporation, registered to do business in Colorado, with a principal place of business in Greenwood Village, Colorado.

### Jurisdiction and Venue

5. This Court has jurisdiction over the parties and the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b) and 28 U.S.C. § 1331. This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 to 1127. The state law claims herein are joined with substantial and related claims under the trademark laws of the United States pursuant to 28 U.S.C. § 1367, and fall within the Court's supplemental jurisdiction. Moreover, this Court has jurisdiction based on 28 U.S.C. § 1332, as this civil

action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

6. This court has personal jurisdiction over Defendants because Defendants are subject to the jurisdiction of the state courts of Virginia pursuant to Va. Code § 8.01-328.1.

## Facts

7. Novateur owns federal trademark registrations on the Principal Register for the following marks (the "Registered Marks"):

   a. ECPI (U.S. Registration Number 2549600, a copy of which is attached as <u>Exhibit A</u>) for "education and technical training and educational services, namely providing courses of instruction at the vocational and college levels, conducting classes, seminars, conferences, workshops and lectures, and distributing course materials in connection therewith, educational research, educational demonstrations, development and dissemination of educational materials, and educational testing, all in the field of computers, technology and technical training." The USPTO issued this registration on March 19, 2002. The application to register this mark was filed on November 15, 2000, designating that the date of first use of the mark in commerce in connection with the relevant services was at least as early as September 1966.

   b. ECPI (U.S. Registration Number 2546694, a copy of which is attached as <u>Exhibit B</u>) for "dissemination of education and technical training and educational services, namely providing courses of instruction at the vocational and college levels, conducting classes, seminars, conferences, workshops and lectures, and

3

   distributing course materials in connection therewith, educational research, educational demonstrations, development and dissemination of educational materials, and educational testing, all in the field of computers, technology and technical training, for others all via an online electronic communications network." The USPTO issued this registration on March 12, 2002. The application to register this mark was filed on November 15, 2000, designating that the date of first use of the mark in commerce in connection with the relevant services was at least as early as August 8, 1996.

  c. ECPI UNIVERSITY (U.S. Registration Number 4046926, a copy of which is attached as <u>Exhibit C</u>) for "educational services, namely, providing courses of instruction at the university level." The USPTO issued this registration on October 25, 2011. The application to register this mark was filed on December 17, 2010, designating that the date of first use of the mark in commerce in connection with the relevant services was at least as early as June 3, 2011.

8. Furthermore, since 1966, Plaintiffs have used "ECPI" in interstate commerce in connection with providing career-oriented education and training and technological advancement in all fields of study while working closely with students and employers to provide career planning and employment services (examples of which are attached as <u>Exhibit D</u>) (the "Common Law Marks"). Over the past half-century, Plaintiffs have created in their Common Law Marks name recognition and goodwill within the Commonwealth of Virginia and throughout the United States.

9. The Registered Marks and Common Law Marks (the "Marks") are being used in interstate commerce and have a substantial effect on interstate commerce.

4

10. Plaintiffs have expended considerable time, money and effort in the development, preparation, promotion and offering of goods and services in connection with the Marks and the domain www.ecpi.edu, which includes one or more of the Marks. The Marks have become strong and famous trademarks associated with Plaintiffs, and identify Plaintiffs' educational, training and career planning services and related services.

11. Plaintiffs have implemented and carefully controlled a licensing program to license the Marks to one or more approved licensees in connection with services used in connection with the Marks and goods bearing the Marks.

12. Defendants have used and continue to use "ECPI" without Plaintiffs' consent.

13. In fact, Defendants' website advertises their career planning, employment search and training services using "ECPI" in connection with and in marketing such services (attached as Exhibit E are images of Defendants' website). Further, Defendants' website domain is www.ecpi.careers (the "Infringing Domain"), which includes one or more of the Marks.

14. The foregoing activities of Defendants have deceived and caused confusion among the relevant consumers. It is likely that consumers will believe that Defendants' goods and services are connected, associated or affiliated in some way with the Plaintiffs, when in fact no such connection, association or affiliation exists.

15. As a result of Defendants' acts, Plaintiffs have suffered damages and continue to suffer substantial damage and irreparable injury. Plaintiffs have no adequate remedy at law, and unless Defendants are enjoined by this Court, Defendants' acts will continue to cause irreparable injury and damage to Plaintiffs.

## Count I – Trademark Counterfeiting and Infringement (15 U.S.C. §1114(1))

16. Plaintiffs' Marks are distinctive and arbitrary marks that are associated with Plaintiffs and exclusively identify Plaintiffs' services to consumers.

17. Defendants have used and continue to use "ECPI" in connection with goods or services in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of such goods or services in the minds of the public. Plaintiffs did not authorize or license the use of their Mark, "ECPI", by Defendants.

18. Defendants' use of "ECPI" is likely to cause confusion or mistake or to deceive consumers into believing Plaintiffs are the source of Defendants' goods or services.

19. Defendants' unauthorized use of "ECPI" in interstate commerce as described above constitutes trademark counterfeiting and infringement under 15 U.S.C. § 1114(l).

20. Upon information and belief, Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiffs' Marks.

21. Plaintiffs have no control over the quality of the goods or services provided by Defendants. Because of the likelihood of confusion as to the source of Defendants' services, Plaintiffs' valuable goodwill in the Marks is at the mercy of Defendants.

22. Defendants' acts of trademark counterfeiting and infringement have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

23. Plaintiffs have no adequate remedy at law.

24. As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## Count II – Federal Unfair Competition and False Designation of Origin (15 U.S.C. §1125(a))

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as if set forth herein.

26. The aforesaid acts of Defendants constitute the use in commerce of words, terms, names, symbols, or devices and of false designations of origin and false or misleading descriptions and representations in connection with Defendants' goods and services, in violation of 15 U.S.C. § 1125(a).

27. Upon information and belief, Defendants' aforesaid acts were committed with the intent to pass off and palm off Defendants' goods and services as those of Plaintiffs, and with the intent to deceive and defraud the public.

28. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

29. Plaintiffs have no adequate remedy at law.

30. As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## Count III – Cybersquatting (15 U.S.C. § 1125(d))

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if set forth herein.

32. Plaintiffs' Marks are distinctive and were distinctive before the Defendants registered the Infringing Domain.

33. The Infringing Domain is either identical or confusingly similar to one or more of the Marks.

34. Defendants registered and used the Infringing Domain to divert customers from Plaintiffs' web site www.ecpi.edu to web sites accessible under the Infringing Domain for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Infringing Domain.

35. Defendants' registration and use of the Infringing Domain is intended primarily to capitalize on the goodwill associated with Plaintiffs' Marks.

36. Defendants registered, trafficked in or used the Infringing Domain with a bad faith intent to profit from Plaintiffs' Marks and associated goodwill.

37. Defendants' diversion of traffic from Plaintiffs' web site has harmed and continues to harm Plaintiffs' ability to generate business and maintain customers.

38. Plaintiffs' registration and use of the Infringing Domain causes Plaintiffs' customers and potential customers to believe that Plaintiffs' web site is no longer available or that Defendants' Infringing Domain web site is affiliated with Plaintiffs.

39. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

40. Plaintiffs have no adequate remedy at law.

41. As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial

### Count IV – Trademark Dilution (15 U.S.C. § 1125(c))

42. Plaintiffs repeat and reallege paragraphs 1 through 41 as if set forth herein.

43. Plaintiffs' Marks are distinctive and famous marks. The Marks are inherently strong, distinctive, and marketed to the public nationwide in connection with Plaintiffs' goods and services. Plaintiffs have built up over a half of a century of name recognition and goodwill, as alleged above.

44. Defendants' aforesaid acts dilute the distinctive quality of the famous Marks, in violation of 15 U.S.C. § 1125(c).

45. Defendants' aforesaid acts have lessened (and will continue to lessen) the capacity of Plaintiffs through their famous Marks to identify their goods and services. Defendants' acts have blurred (and will continue to blur) the unique association that has existed between the Marks and the goodwill and name recognition the Plainitffs have earned through the goods and services provided.

46. Defendants' use of the Marks in commerce has caused the dilution of the distinctive quality of the famous Marks.

47. Defendants' use of the Marks constitutes dilution by blurring under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. On information and belief, Defendants engaged in the aforesaid acts with the intent to trade on Plaintiffs' reputation or to cause dilution of the famous Marks.

49. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

50. Plaintiffs have no adequate remedy at law.

51. As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## Count V – Unfair Competition (Common Law)

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if set forth herein.

53. The aforesaid acts of Defendants constitute the passing-off of their goods and services as Plaintiffs' goods and services, infringement, imitation, and misappropriation of the Marks, unjust enrichment, and unfair competition with Plaintiffs in violation of Plaintiffs' rights at common law.

54. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

55. Plaintiffs have no adequate remedy at law.

56. Upon information and belief, Defendants' conduct was reckless, willful, wanton and with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## Count VI – Trademark Infringement (Common Law)

57. Plaintiffs repeat and reallege paragraphs 1 through 56 as if set forth herein.

58. The Marks are distinctive marks for Plaintiffs, their reputation and the goods and services they provide. The Plaintiffs have established valuable goodwill due to their reputation.

59. Defendants have unlawfully palmed off the name, reputation and goodwill of Plaintiffs and violated and infringed the rights of Plaintiffs. The public has been and is deceived,

as Defendants induce others to believe that the goods, services, reputation and goodwill the Marks connote belong to Defendants.

60. Defendants' unauthorized use of the Marks in interstate commerce constitute a false designation or origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact, which constitutes an infringement of Plaintiffs' trademark rights in the Marks, and is likely to cause, and upon information and belief, has caused confusion, mistake and/or deception as to the affiliation, connection or association of Defendants' goods and services with Plaintiffs.

61. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

62. Plaintiffs have no adequate remedy at law.

63. As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

WHEREFORE Plaintiffs Novateur Education, Inc. and ECPI University, LLC pray for relief against Defendants Executive Career Partners, Inc. and Executive Career Partners International, Inc. as follows:

    A.    That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    (1)    using the Marks, or any reproduction, counterfeit, copy, or colorable imitation of said Marks, in connection with their services;

    (2)    using the Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' goods and services are connected with Plaintiffs or are Plaintiffs' goods or services;

    (3)    committing any other acts that may cause consumers to believe that Defendants' goods and/or services are genuinely licensed by Plaintiffs or otherwise provided for the benefit of Plaintiffs;

    (4)    making any false or misleading statements regarding Plaintiffs or their goods and/or services, or the relationship between Plaintiffs, on the one hand, and Defendants, on the other hand; and

    (5)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (4).

B.    That Defendants and any and all persons controlled by or acting in concert with Defendants be required to deliver to Plaintiffs for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same.

C.    That Defendants be required to account for and pay to Plaintiffs Defendants' profits from the sale and use of counterfeit and infringing the Marks and such sum in addition thereto as the Court shall find just.

D.    That this case be found exceptional and Plaintiffs be awarded their attorneys' fees pursuant to 15 U.S.C. § 1117(a).

E.  That Plaintiffs recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiffs, as provided in 15 U.S.C. § 1117(b).

F.  That Plaintiffs be awarded statutory damages for Defendants' willful use of counterfeit marks, in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

G.  That Defendants be required to disgorge their profits and other ill-gotten gains pursuant to Virginia common law.

H.  That Defendants cease use of their Infringing Domain.

I.  That Plaintiffs have and recover the taxable costs of this civil action, including reasonable attorneys' fees and interest.

J.  That Plaintiffs be awarded punitive damages in view of Defendants' reckless, willful, wanton acts committed with conscious disregard for the rights of Plaintiffs.

K.  That Plaintiffs have such other general and further relief as this Court deems just and proper.

**TRIAL BY JURY IS REQUESTED**.

Respectfully Submitted,

NOVATEUR EDUCATION, INC.
and
ECPI UNIVERSITY, LLC

By Counsel

/s/ Belinda D. Jones
Peter E. Broadbent, Jr. (VSB 15962)
Belinda D. Jones (VSB 72169)
Noelle M. James (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095

Telephone:   (804) 697-4100
Facsimile:   (804) 697-4112

2092957